LDA

CA 08 59 T

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Melissa Barreiro,
Plaintiff,

vs.

Jury Trial Requested

Jef Booth, P.C., and
Jane Doe, alias,
Defendants.

---

## Complaint

### Introduction

1. The Plaintiff, an individual consumer, brings this action alleging the Defendants engaged in misleading, abusive and prohibited conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

## Parties

5. Plaintiff Melissa Barreiro is an adult resident of the Town of North Providence, County of Providence, State of Rhode Island.

6. The Defendant Jef Booth, P.C. is a corporation, organized and existing under the laws of the Commonwealth of Virginia, which does business as "Booth and Associates." (Hereinafter collectively referred to as "Booth.")

7. The Defendant Jef Booth, P.C. has registered "Booth and Associates" as its fictitious name with the State Corporation Commission of Virginia.

8. The Defendant Jane Doe, alias, a female, is an employee or agent of Booth, whose true identity is unknown to the Plaintiff but known, or knowable, to Booth.

## Facts Common To All Counts

9. At all times relevant to this Complaint, Booth was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone and placing telephone calls to residents of Rhode Island.

10. At all times relevant to this Complaint, Jane Doe was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone and placing telephone calls to residents of Rhode Island.

11. Booth is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

12. At all times relevant to this Complaint, Jane Doe was a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

13. On or about January 10, 2008, Booth placed a phone call to, and engaged in a telephone conversation with, an individual other than the Plaintiff (hereinafter the Third Party) while acting as a debt collector attempting to collect an alleged debt from the Plaintiff.

14. On or about January 10, 2008, Jane Doe placed a phone call to, and engaged in a telephone conversation with, a Third Party while acting as a debt collector attempting to collect an alleged debt from the Plaintiff.

15. The alleged debt that gave rise to the telephone calls arose from purchases of goods primarily for personal, family or household purposes.

16. During the telephone conversation with the Third Party, the Defendants stated the Plaintiff was "in a lot of trouble", or words that suggested the same.

17. That statement was false.

18. During the telephone conversation with the Third Party, the Defendants stated the Plaintiff "has a lawsuit against her", or words that suggested the same.

19. That statement was false.

20. During the telephone conversation with the Third Party, the Defendants attempted to demean the Plaintiff by suggesting she was a bad person.

21. On or about January 28, 2008, Booth engaged in a telephone conversation with the Plaintiff while acting as a debt collector attempting to collect an alleged debt from the Plaintiff.

22. In that conversation, Booth advised the Plaintiff:

    a. Booth had been retained to file a lawsuit against her;
    b. The original creditor for the Debt considered the matter "fraud;"
    c. If she did not pay, she would "get a judgment against [her]" and Booth would "just get two judgments against [her];"
    d. The effect of those "judgments" would be a lien against her property and garnishment of her wages.

23. Those statement were false and misleading in that, among other things:
    a. On information and belief, Booth was not admitted to practice law in Rhode Island and therefore could not have been retained to file a lawsuit against her;
    b. On information and belief, the original creditor did not consider the matter fraud;
    c. On information and belief, Booth, not being licensed to practice in Rhode Island, could not obtain any judgments against her and no judgment could be entered against her by anyone without her having an opportunity to defend herself on the merits;
    d. Liens and garnishments could only be utilized against the Plaintiff after notice and a judicial hearing at which the Plaintiff would be able to defend herself on the merits.

**Count 1 – Federal FDCPA – Improper Communications with Third Party**

24. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

25. The Defendants communicated with a Third Party in a manner prohibited by the FDCPA, specifically 15 USC 1692(c).

26. As a result of the Defendants' conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 2 – Federal FDCPA – False or Misleading Representations**

27. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

28. The Defendants' false and misleading statements violated the FDCPA, specifically 28 USC 1692(e)(5), (7) and/or (10).

29. As a result of the Defendants' conduct as described in this Count, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 3 – Federal FDCPA – Harassment Through Abusive Language**

30. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

31. In making the false and demeaning statements described in this Complaint, the Defendants engaged in conduct the natural consequence of which was to harass or abuse the Plaintiff.

32. In making the false and demeaning statements described in this Complaint, the Defendants engaged in conduct the natural consequence of which was to harass or abuse the Third Party.

33. The Defendants' conduct described in this Count violated the FDCPA, specifically 28 USC 1692(d).

34. As a result of the Defendants' conduct the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant

to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 4 – State DTPA – Unfair Collection Efforts**

35. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

36. Jane Doe placed the call to the Third Party while acting within the scope of her employment with Booth and in furtherance of Booth's business interests.

37. Booth did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way Jane Doe conducted herself towards the Plaintiff.

38. Booth's conduct as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

39. Booth's conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

40. Booth's conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

41. As a result of Booth's conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against Booth for 1) her actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

Melissa Barreiro,
By her Attorney,

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff requests a trial by jury on each and every Count of this Complaint.