UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

MELISSA BARREIRO,
      Plaintiff,

v.                                        C.A. No. 08-59ML

JEF BOOTH, P.C., and
JANE DOE, alias,
      Defendants.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Mary M. Lisi, Chief United States District Court Judge.

This matter is before the Court on the Plaintiff Melissa Barreiro's ("Barreiro") motion for entry of judgment by default against Defendant Jef Booth, P.C. ("Booth, P.C.") pursuant to Fed. R. Civ. P. 55. For the reasons stated below, the motion is GRANTED, in part, and DENIED, in part.

### Background and Travel

On February 19, 2008, Barreiro filed a complaint against Booth, P.C. and Jane Doe ("Doe") for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., and the Rhode Island Deceptive Trade Practices Act ("DTPA"), R.I. Gen. Laws §§ 6-13.1-1, et seq. Barreiro alleges in her complaint that Booth, P.C. is a Virginia corporation engaged in the business of collecting debts originally owed to other parties.[1] Complaint ¶6. In the course of attempting to collect an alleged credit card debt from Barreiro (which Barreiro denies owing), Booth and Booth, P.C. employee Doe made several telephone calls to

---

[1] Jef Booth ("Booth") is an attorney admitted to the Virgina bar who serves as Registered Agent for Booth, P.C..

Barreiro's family members and to Barreiro herself. According to Barreiro, Doe and Booth spoke to relatives of Barreiro's new husband on January 10, 2008 and represented that Barreiro "was in a lot of trouble" and that she "had a lawsuit against her." Complaint ¶¶ 16, 18. On January 28, 2008, Booth called Barreiro directly and advised her, *inter alia*, that he had been retained to file a lawsuit against her; that the creditor considered the matter a "fraud;" and that, if she did not pay the alleged debt, Booth would have judgments against her resulting in a lien on her property and garnishment of her wages. Id. at ¶ 22.

Barreiro filed a complaint in this Court on February 19, 2008 and effected personal service on Booth, P.C. on February 29, 2008.[2] Affidavit of Service, C.A. No. 08-059ML Docket Entry No. 2. An answer to the complaint was due March 20, 2008 and, after none was filed, default was entered as to Booth, P.C.[3] No further activities took place in this litigation and, on February 11, 2009, this Court issued an order to show cause why the case should not be dismissed for lack of prosecution. In her March 11, 2009 response, Barreiro explains that Booth initially requested a settlement demand but did not further respond to communications from Barreiro's counsel. At the same time, Barreiro filed motions for entry of final judgment and for bill of costs. Again, Booth, P.C. was served by first class, certified mail at the address where personal service was previously effected, first class mail at two addresses listed on Booth, P.C.'s now defunct website and provided by the Virginia State Corporation Commission, and via e-mail. No

---

[2] Doe was never identified or served.

[3] Although default was entered only two days after the motion for entry of default was filed and prior to the date on which an objection was due, the Court notes that Booth, P.C. was served with the motion for entry of default by certified mail, fax, and e-mail, and no response was received at any time.

2

response was received and no appearance was entered on Booth, P.C.'s behalf.

## Discussion

Entry of a judgment by default pursuant to Fed. R. Civ. P. 55(b) is a "'final disposition of the case and an appealable order' that has the same effect as a judgment rendered after a trial on the merits." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004)(quoting 10A Charles Allan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2684 (3d ed. 1998)). If a claim involves "a sum certain or a sum that can be made certain by computation," default judgment for that sum and related costs must be entered by the clerk against a defendant "who has defaulted for not appearing." Fed. R. Civ. P. 55(b)(1). Upon application of a party, a court may enter default judgment provided that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing." Fed. R. Civ. P. 55(b)(2).[4]

Barreiro has provided uncontroverted evidence that Booth, P.C. was properly served with a summons and that it failed to answer the complaint. Prior to requesting entry of a final judgment, Booth, P.C. was notified by mail and, in the absence of a response, default was entered by the clerk. Booth, P.C. was also served

---

[4] Because Booth, P.C. has not entered an appearance or filed any submissions in this case, and as Barreiro's claims are now limited to statutory damages and costs, this Court is of the opinion that no hearing is needed to enter judgment. See Fed. R. Civ. P. 55 (b)(2)(court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegations by evidence; or (D) investigate any other matter").

notice regarding the instant motion and no further response was received from the defendant. Consequently, the conditions for entry of default judgment have been met, leaving only a determination of damages. See Fed. R. Civ. P. 55(b)(2); KPS & Assoc., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)(Following entry of default, unless claim is for a sum certain, Court must consider proof of damages before entering final judgment).

Barreiro now limits her claims to $1,000 in statutory damages under the FDCPA, $200 in statutory damages under the DTPA and $400 for the cost of filing this suit and effecting personal service on Booth, P.C.[5] Barreiro supports her claims with a personal affidavit and two letters from her husband's relatives, confirming the representations of Booth's and Doe's conduct in Barreiro's complaint.

(A) The Fair Debt Collection Practices Act

The FDCPA was added to the Consumer Credit Protection Act in 1977 "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996)(discussing legislative history and purpose of FDCPA). Under the FDCPA, a debt collector's contact with persons other than the debtor is limited to "acquiring location information." 15 U.S.C. § 1692c. The debt collector is expressly forbidden from contacting a third person more than once or stating to a third person that the debtor owes a debt. 15 U.S.C. § 1692b. In addition, the debt collector is prohibited from representing or implying that the debtor has "committed a crime or other conduct in order to disgrace the consumer," 15 U.S.C. § 1692e(7), or from "[t]he use of any false representation or

---

[5] Barreiro states in her memorandum that "she does not seek her actual damages nor her attorney fees."

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Statutory damages under the FDCPA are capped at $1,000, 15 U.S.C. § 1692k(2)(A), and "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the Court." 15 U.S.C. § 1692k(3). In awarding damages, the Court must consider, "among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b).

According to Barreiro's undisputed allegations set forth in the complaint, Booth and/or Doe, on Booth, P.C.'s behalf, represented to third parties that Barreiro was "in a lot of trouble" and had "a lawsuit against her," in violation of 15 U.S.C. § 1692c(b). Subsequently, Booth attempted to exact payment of the alleged debt by advising Barreiro that he would obtain a judgment against her that would effect a lien against her property and garnishment of her wages, in violation of 15 U.S.C. §§ 1692e (4), (5), (7). As such, Barreiro's allegations fall squarely within the purview of the FDCPA and, in the absence of an objection or any submissions by Booth, P.C., Barreiro's motion for default judgment is granted to the extent her claims are raised under the FDCPA and for the cost she incurred in filing her claims and effecting personal service on the defendant.

(B) The Rhode Island Deceptive Trade Practices Act

The DTPA is a consumer protection statute which prohibits a number of activities that are "unfair or deceptive" and it provides legal recourse to "[a]ny person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money property, real or personal, as a result of the use or employment of a method, act, or

practice declared unlawful by § 6-13.1-2." See Park v. Ford Motor Co., 844 A.2d 687, 692 (R.I. 2004) ("Legislature intended to declare unlawful a broad variety of activities that are unfair or deceptive, as well as to provide a remedy to consumers who have sustained financial losses as a result of such activities") (emphasis added). The DTPA permits a successful plaintiff "to recover actual damages or two hundred ($200), whichever is greater." R.I.Gen. Laws. § 6-13.1-6(a). Examples of conduct prohibited under the DTPA include, inter alia, passing off goods or services as those of another, § 6-13.1-1(5)(i); causing likelihood of confusion as to the source of services or goods, § 6-13.1-1(5)(ii); representing that goods are original or new if they have been altered, § 6-13.1-1(5)(vi); making false statements concerning price reductions, § 6-13.1-1(5)(xi); or "engaging in any act or practice that is unfair or deceptive to the consumer." § 6-13.1-1(5)(xiii).

In her complaint, Barreiro states that Booth's and Doe's conduct caused her "mental suffering, embarrassment and attorney fees." Complaint ¶ 34. She does not allege, however, that she suffered "any ascertainable loss of money or property, real or personal" as a result of Booth, P.C.'s contact with members of her husband's family, nor does such conduct appear to fall within the defined unlawful acts and practices that the DTPA is intended to prevent.

Consequently, Barreiro's allegations are simply insufficient to state a claim under the DTPA and, to the extent her claims are raised under the DTPA, the motion for default judgment is denied.

## Conclusion

In view of the foregoing considerations, the motion for entry of default judgment is GRANTED with respect to Barreiro's claims under the FDCPA and Barreiro is awarded $1,000 in statutory damages thereunder and $400 in costs to cover filing and service fees.

With respect to Barreiro's claims under the DTPA, the motion for entry of default judgment is DENIED.

SO ORDERED:

_____
Mary M. Lisi
Chief United States District Judge
Date: April  10 , 2009